SIGNED THIS: December 2, 2025

_____
**Peter W. Henderson
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

In re:

JESSICA M. CROWDER,

Debtor.

Case No. 23-90339

OPINION

Jessica Crowder, the Debtor, intends to sell her home near Odell, Illinois, on December 5, 2025. The home, which was valued at $259,000 when Crowder filed her bankruptcy petition in August 2023, is subject to a mortgage held by PennyMac Loan Services, LLC. The Chapter 13 plan, confirmed two years ago, provides:

- Crowder will continue making direct payments to PennyMac on the mortgage.

- Crowder will make plan payments of $375 per month, which the Chapter 13 Trustee will use to cure the $16,299.92 arrearage on the mortgage. See 11 U.S.C. §1322(b)(5).

- Upon confirmation, all property of the estate shall vest in the Debtor. See 11 U.S.C. §1327(b). The Trustee retains the right to assert a claim to any additional property of the estate that the Debtor acquires post-petition under 11 U.S.C. §1306.

Crowder moved for authorization to sell the house and to employ a realtor to do so. Crowder intends to sell the house to an unrelated third party for $325,000. Of that amount, Crowder expects to realize $57,500 in proceeds after paying off PennyMac's claim and paying closing costs, including the realtor's fees. She wants to keep those proceeds rather than turn it over to the Trustee to pay unsecured creditors. I held a hearing on November 12, 2025, and I denied the Debtor's motion to sell and application to employ because they were unnecessary. This Opinion explains my decision. Debtors like Crowder do not need the bankruptcy court's permission to sell property that revests in them at confirmation, or to employ professionals to help them do so. Instead, they need to provide notice of the sale to the Chapter 13 Trustee.

I.   **The focus of a Chapter 13 case is on confirming a plan of reorganization.**

Chapter 13 cases proceed in two phases that are separated by the main event: confirmation of a plan of reorganization. When a person files a Chapter 13 petition, the normal bankruptcy rules spring into action. Just about everything the debtor owns is placed into an estate. 11 U.S.C. §541(a). And just about any collection activity against the debtor or their property is stayed. 11 U.S.C. §362(a). As a result, disputes about the debtor's obligations and the creditors' rights are concentrated in the bankruptcy court. A debtor who wishes to sell property of the estate, for example, must first obtain the bankruptcy court's permission. 11 U.S.C. §363(b). Likewise, a secured creditor who wishes to foreclose on property of the estate must first obtain the bankruptcy court's permission. 11 U.S.C. §362(a)(4), (d).

In the meantime, the debtor shall file a plan to repay their creditors, in whole or in part, over three to five years. 11 U.S.C. §1321. The plan must comport with the many requirements of 11 U.S.C. §§1322 and 1325. Because the plan will fix every party's rights so long as the case remains pending, 11 U.S.C. §1327(a), the bankruptcy court must take care to ensure that each plan complies with the provisions of Chapter 13. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 (2010). The confirmation hearing represents the zenith of the court's participation in the case.

A confirmed plan is a final judgment. *Matter of Terrell*, 39 F.4th 888, 890 (7th Cir. 2022). There is not much more to do in the case once a plan is confirmed. The debtor's obligations and the creditors' rights have been defined by the confirmed plan; the

2

"merits" of the bankruptcy case have been decided. The main duties of the bankruptcy court are now to enforce its judgment and to entertain requests to modify it.

Chapter 13 reflects this shift by presumptively revesting property of the estate in the debtor upon confirmation of the plan. 11 U.S.C. §1327(b). The purpose of placing the property in an estate—to ensure it is handled in accordance with the bankruptcy laws—has been accomplished. The debtor thus assumes control of the property going forward. A debtor with a confirmed plan in Chapter 13 is not normally treated like "a child, a mental incompetent, or a married woman in the era of coverture." *Matter of Heath*, 115 F.3d 521, 523–24 (7th Cir. 1997). Once property of the estate revests in debtors, they have the personal responsibility and ability to manage that property. *Matter of Steenes*, 918 F.3d 554, 556 (7th Cir. 2019). Post-confirmation debtors stand on their own feet. Cf. *Schroeder v. United States (In re Van Dyke)*, 275 B.R. 854, 861 (Bankr. C.D. Ill. 2002) (PERKINS, J.).

One aspect of Chapter 13 might confuse the issue. Section 1306(a) of the Code places just about all property the debtor acquires after the commencement of the case into the bankruptcy estate, and §1306(a) does not differentiate between pre-confirmation acquisitions and post-confirmation acquisitions. The relationship between §1306(a) and §1327(b) is not clear—if property of the estate vests in the debtor at confirmation, what about property the debtor acquires after confirmation?—so it provides ample fodder for law review articles and scholarly opinions. This Court is bound by Seventh Circuit precedent, though, which simplifies the matter:

> We read the two sections … to mean simply that while the filing of the petition for bankruptcy places all the property of the debtor in the control of the bankruptcy court, the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan.

*Heath*, 115 F.3d at 524; accord *Steenes*, 918 F.3d at 556–58. What this means in most cases is that income a debtor earns after confirmation that is needed to make plan payments remains property of the estate subject to the bankruptcy court's oversight. Section 1306(a) does not extend any further than that, though. After-acquired money (or other property) not needed to fulfill the plan does not become property of the estate under §1306(a); it belongs to the debtor. *Heath*, 115 F.3d at 524. Debtors do not need permission to use or sell that property; the notice and hearing requirements of §363 (applicable to Chapter 13 debtors through 11 U.S.C. §1303) apply only to "property of the estate." 11 U.S.C. §363(b)(1); see also 9A Collier on Bankruptcy ¶6004.01 (16th ed. 2025) ("Federal Rule of Bankruptcy Procedure 6004 governs procedures as to the use, sale or lease of

3

*estate* property[.]") (emphasis added). One hopes debtors in bankruptcy with a confirmed plan will wisely manage their property over the three- to five-year plan period, but decisions about property that belongs to them are not subject to preclearance by the bankruptcy court.

One caveat: debtors must reasonably keep the Chapter 13 Trustee informed about their financial situation. Under the local Chapter 13 plan, the Chapter 13 Trustee retains the right to ask the Court to require debtors to pay additional money acquired after confirmation into the plan. That provision flows from 11 U.S.C. §1329(a), which provides that a confirmed plan may be modified "at any time" before its completion upon request of the trustee. Bankruptcy courts have discretion to increase the debtor's plan payments when the debtor's financial circumstances change after confirmation. *Germeraad v. Powers*, 826 F.3d 962, 974 (7th Cir. 2016). A trustee who learns of extra resources available to pay creditors may thus move to increase the plan payments, thereby increasing the size of the estate. See *Heath*, 115 F.3d at 524. All debtors shall cooperate with the trustee as necessary to enable the trustee to perform her duties, 11 U.S.C. §521(a)(3), which include investigating the debtor's financial affairs, 11 U.S.C. §1302(b)(1). Major changes in the debtor's financial affairs, such as the sale of a house, must be promptly disclosed to the trustee.

II.     **The motion to sell and application to employ were unnecessary.**

Crowder sought the Court's authorization to sell her home and to employ a realtor to do so. Before confirmation, the home was property of the estate, so the Court's permission was needed before a sale. 11 U.S.C. §363(b) ("The [debtor], after notice and a hearing, may use, sell, or lease … property of the estate…."). Once Crowder's plan was confirmed, though, the plan revested the home in her. She does not need the Court's permission to sell what belongs to her. Nothing in Chapter 13 prevents her from selling the home for $325,000. To put it another way: nothing in Chapter 13 would permit the Court to block the sale of the house if it thought $325,000 an unreasonable sales price. If the Court cannot say no, it need not (and should not) say yes. See *In re Roggio*, 577 B.R. 457, 458 (Bankr. M.D. Pa. 2017).

The application to employ a realtor was also unnecessary. See *id*. The Bankruptcy Code requires a "trustee" to obtain the court's approval to employ a professional person, 11 U.S.C. §327(a), but a Chapter 13 debtor (unless engaged in business) is generally not a "trustee" under §327(a). *In re Jones*, 505 B.R. 229, 231 (Bankr. E.D. Wis. 2014); but see *In re Goines*, 465 B.R. 704, 706 (Bankr. N.D. Ga. 2012). Debtors do have the rights and powers of a trustee under certain subsections of §363, 11 U.S.C. §1303, so perhaps a debtor seeking to sell property of the estate under §363 *should* be considered a

"trustee" under §327(a). That question may be left for a later date, though, because Crowder is not exercising her powers under §363. She is selling property that belongs to her, not the estate. She is paying the realtor out of proceeds of the sale, not future income devoted to the plan. Her decision to employ a realtor does not involve the bankruptcy estate so it does not require the Court's imprimatur.

What Crowder *is* required to do is let the Chapter 13 Trustee know about the change in her financial affairs, for two reasons: First, the plan calls for the Trustee to pay off the pre-petition arrearage to PennyMac, the mortgagee, so the Trustee needs to know if PennyMac is going to be paid in full outside of the plan through a sale of the home. Second, the Trustee retains the right to seek to modify the plan to bring property acquired post-confirmation into the plan to pay unsecured creditors. To be able to exercise that right, the Trustee needs to be kept in the loop.

Both of those potential consequences of the sale may lead to an appropriate motion under §1329. If the sale will fully satisfy the debt owed to PennyMac, including the pre-petition arrearage, Crowder shoulders the responsibility to request that the plan be modified "to the extent necessary to take account of any payment … other than under the plan." 11 U.S.C. §1329(a)(3). If the Trustee believes that the Debtor should use some of the proceeds of the sale to make additional payments to her creditors, the Trustee shoulders the responsibility to request a modification of the plan to "increase … the amount of payments on claims …" 11 U.S.C. §1329(a)(1).

In either case, a modified plan must be approved, after notice and a hearing, by the bankruptcy court. 11 U.S.C. §1329(b)(2). The debtor, the trustee, and all creditors are entitled to 21 days' notice of a proposed modification. Fed. R. Bankr. P. 2002(a)(5). I do not believe that a "motion to sell" is an appropriate vehicle to provide notice of a potential modification of the plan. If Crowder's sale of her house requires a modification to the plan, in any party's view, the appropriate party should file a motion to modify the plan. The current motion to sell and application to employ, however, were unnecessary and therefore were denied.

# # #